**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JEWELL L. PARSONS,**

**Petitioner,**

**v.**                                              **Case No. 3:11-cv-00071**

**LORI NOHE, Warden,
Lakin Correctional Center,**

**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 11); Petitioner's Motions to excuse failure to exhaust State remedies (Docket Nos. 3 and 9); and Petitioner's Motions to stay all proceeding and hold in abeyance (Docket Nos. 4 and 10).[1] This case was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned proposes and recommends that the United States District Judge find that Petitioner has failed to exhaust her State remedies and, thus, her petition should be dismissed without prejudice.

---

[1] For the sake of clarity, Petitioner originally filed her Federal habeas petition on January 31, 2011 (Docket No. 1), but subsequently realized that the copy of her State habeas petition which she attached was incomplete and later re-filed her petition with a complete copy of her State petition on March 31, 2011 (Docket No. 11). The Court accepts the latter-filed petition and attachments as an amended petition. On March 31, 2011, Petitioner also filed copies of both of her Motions. (Docket Nos. 9 and 10). These Motions, however, do not differ from the originally filed Motions in any respect. (*See* Docket Nos. 3 and 4).

## I.   Factual Background and Procedural History

Jewell L. Parsons (hereinafter "Petitioner") is presently incarcerated in the Lakin Correctional Center in West Columbia, West Virginia with a projected release date of January 15, 2020. She will, however, become eligible for parole on July 17, 2014.[2]  The procedural history of her State conviction and post-conviction proceedings are detailed below.

### A.   State Conviction and Sentence

On July 17, 2007, following a jury trial, Petitioner was convicted in the Twelfth Judicial Circuit of West Virginia, Fayette County (hereinafter the "trial court"), on three counts: (1) intentional neglect of an elder person, (2) misappropriation or misuse of funds of an elder person by means of deception, and (3) embezzlement by misuse of a fiduciary relationship. *State v. Parsons*, Criminal Action No. 07-F-32 (Cir. Ct. Fayette Co. July 17, 2007); (*see* Docket No. 11 at 1). On that date, she was sentenced to a term of imprisonment of 7 to 25 years. (Docket No. 11 at 1).

### B.   Direct Appeal

According to Petitioner, she appealed her conviction and sentence to the Supreme Court of Appeals of West Virginia on December 26, 2008,[3] asserting that the trial court committed reversible error by (1) admitting gruesome photographs; (2) denying the presentation of a defense witness who intended to testify to the Petitioner's reputation for being honest and trustworthy; (3) denying Petitioner's

---

[2] *See* West Virginia Division of Corrections website.

[3] The Supreme Court of Appeals of West Virginia maintains that Petitioner filed her petition for appeal on January 13, 2009. *See State of West Virginia v. Parsons*, Case No. 090054 (W.Va. 2009).

-2-

motion for a directed verdict of acquittal at the close of the State's case in chief; (4) denying Petitioner's Motion for a new trial; (5) providing erroneous jury instructions relating to Count Three and failing to define "deception" to the jury; and (6) denying Petitioner's double jeopardy motion as to Counts Two and Three which were lesser included offenses of Count Two. (*Id.* at 2). Petitioner states that her direct appeal was denied on March 12, 2009 after pending for two years. (*Id.*).

### C.  **Motions for Reconsideration and for a Writ of Mandamus**

Following the denial of her direct appeal, Petitioner states that she filed a Petition for a Writ of Mandamus in the trial court in order to secure her case files and records in order "to proceed *pro se* in habeas." (Docket No. 9 at 2). Petitioner states that the trial court did not rule on her petition for two years and only then refused to provide the records and directed her to secure the files from her attorney. (*Id.* at 3). Petitioner also filed three Motions for reconsideration of her sentence in the trial court, all of which were denied. (Docket No. 11 at 3-5).

### D.  **State Habeas Petition**

On April 6, 2010, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Appeals of West Virginia pursuant to the Court's original jurisdiction.[4] *Parsons v. Nohe*, Civil Case No. 100433 (W.Va. 2010); (*see* Docket No. 11 at 2). Petitioner asserted 36 grounds of error in this petition; specifically, Petitioner asserted that the Fayette County Circuit Court clerk's office declined to provide her with transcripts of her pretrial hearing, motions, and trial, all of which

---

[4] Petitioner proposes that her State habeas petition was filed on March 29, 2010 pursuant to the "mailbox rule." (Docket No. 11 at 13). However, the documents filed in her State case clearly reflect that her petition was filed on April 6, 2010. *Parsons v. Nohe*, Civil Case No. 100433 (W.Va. 2010).

impeded or delayed her ability to prepare for an appeal; that the trial court erred in denying her request for a court appointed attorney, denying her attorney's request to individually voir dire jurors who showed potential bias and prejudice, admitting autopsy photographs of the deceased, by allowing the State to choose which counts of the indictment on which to proceed, denying Petitioner a new trial or acquittal, allowing the State to offer Petitioner's statements at trial which were previously ruled inadmissible, admitting evidence over defense's objection that there was not a proper chain of custody, denying the defense the ability to independently test the evidence, denying defense witnesses from testifying that defendant was honest and trustworthy, denying a defense witness from using power point, failing to define "deception" to the jury, failing to acknowledge Petitioner's intent to appeal, posing questions to a witness for the prosecutor, making unprofessional comments to the defense attorney during jury selection, pressuring the jury to reach a verdict, refusing to provide trial transcripts, and giving the State's witness, Sergeant Sizemore, preferential treatment. (Docket No. 11-1). Petitioner also asserted various grounds of ineffective assistance of counsel, including failing to take an appeal, communicating improperly with a juror, failing to strike biased jurors, releasing evidence to the prosecution prior to trial without Petitioner's consent, failing to rebut the prosecution's closing argument, failing to offer Petitioner the option of a plea bargain, refusing to provide information as to the attorney's costs Petitioner paid to support Petitioner's statement that she could not afford an attorney to represent her in her appeal, and refusing to allow the public to write letters on Petitioner's behalf to be offered at sentencing. (*Id.*). Petitioner further

alleged prosecutorial misconduct, including badgering a witness, congratulating the assistant prosecutor on winning the case in open court; and finally, various other grounds, including double jeopardy, prejudicial pretrial publicity, and a defective indictment quoting incorrect code sections. (*Id.*).

On September 9, 2010, the Supreme Court of Appeals of West Virginia ordered the Circuit Court of Fayette County to appoint counsel to Petitioner and to conduct an omnibus habeas corpus hearing. *Parsons v. Nohe*, Civil Case No. 100433 (W.Va. 2010); (*see* Docket No. 11 at 2). Petitioner was appointed counsel on September 24, 2010 and her omnibus hearing is scheduled to take place on May 11, 2011. *Parsons v. Nohe*, Civil Case No. 10-C-253 (Cir. Ct. Fayette Co. 2010).

### D.  Federal Habeas Petition

On January 31, 2011, Petitioner filed the present federal petition with the understanding that she had 13 days "remaining to file within the one year statute of limitations imposed by 28 U.S.C. § 2244(d)" or five days remaining "[w]ithout relying upon the 'mailbox rule.'"[5] (Docket No. 1 at 13). She states that "in an abundance of caution ... [she] filed a protecting 2254, to ensure that [her] right to seek relief in federal court [is] not time barred" pursuant to the one year period of limitation. (*Id.* at 12). Petitioner fails to state any grounds on which she claims that she is being held in violation of the Constitution, laws, or treaties of the United States; rather, she merely states, "[p]lease see attached pages 7-18," referring to her attached State habeas petition. (*Id.* at 5). Petitioner also does not state the type of relief she seeks. Rather, in the section of the petition where she was instructed

---

[5] On that date, the Respondent was notified that the petition was filed against her under 28 U.S.C. § 2254, but the Court has not ordered a response.

to state her requested relief, she provides that she "seeks federal review, due to the state's (sic) 'dragging its feet' now that 42 months have passed since the original conviction date" or "[i]n the alternative, Petitioner asks permission to have this petition held in abeyance, so that no further delay on the part of the State may cause her to be foreclosed from federal review..." (*Id.* at 15).

Petitioner concurrently filed a Motion to excuse her failure to exhaust her State remedies. (Docket No. 3). Petitioner alleges that the State courts (erroneously referred to as Respondent) have been "dragging [their] feet" as evidenced by the fact that her direct appeal was pending in the Supreme Court of Appeals of West Virginia for two years, that the trial court spent two more years considering her Petition for a Writ of Mandamus before ultimately denying it, and finally,  that on April 6, 2010, the Supreme Court of Appeals of West Virginia ordered the Circuit Court of Fayette County to appoint an attorney to represent Petitioner on her State habeas petition and hold an omnibus hearing; however, as of the date of Petitioner's latest filing on March 31, 2011, Petitioner asserts that the Circuit Court of Fayette County has not scheduled a habeas hearing. (Docket No. 9 at 3).[6] Her Motion includes a prayer for relief asking the Court to "declare that the state has .... delayed post-conviction relief to such an extent to make the state remedies 'ineffective' and then excuse Petitioner's failure to exhaust" and that the Court order an evidentiary hearing "at the soonest practicable moment." (Docket No. 3 at 5). Petitioner alternatively asks that in the event that the Court does not

---

[6] Shortly after her latest filing, however, the Circuit Court scheduled her hearing, which will take place on May 11, 2011. *Parsons v. Nohe*, Civil Case No. 10-C-253 (Cir. Ct. Fayette Co. 2010).

excuse her failure to exhaust, that the Court order the State court to schedule an omnibus hearing at once and if the State court does not reply, then to "return Petitioner to this Court for an evidentiary hearing." (*Id.*).

Petitioner also concomitantly filed a motion to stay all proceeding and hold her case in abeyance pending the resolution of her State habeas petition. (Docket No. 4). Petitioner asks that if the Court decides not to consider her case at this time that the Court issue a stay and hold her § 2254 petition in abeyance until she exhausts her state remedies. (*Id.*).

On March 21, 2011, Petitioner was ordered to pay the filing fee for her civil action required by 28 U.S.C. § 1914(a) or submit an Application to Proceed without Prepayment of Fees and Costs. (Docket No. 6). Petitioner paid the $5.00 filing fee ten days later. Then, on March 31, 2011, Petitioner re-filed her federal habeas petition and aforementioned motions. (Docket Nos. 9-11). As mentioned earlier in the discussion, Petitioner filed the second petition for the purpose of including a complete copy of her State habeas petition. (*See* Docket No. 8). However, it remains unclear why Petitioner filed copies of her previously filed Motions as the latter filed documents do not differ in any respect from the originals. (*See* Docket Nos. 3, 9, 4, and 10).

## II.    **Exhaustion of State Remedies**

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, provides that in the absence of exceptional circumstances, a state prisoner must first exhaust her claims in the appropriate state court before availing herself of federal habeas relief under 28 U.S.C. § 2254.

-7-

*See, e.g., Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws that exhaustion of adequate state remedies will "best serve the policies of federalism." *Preiser v. Rodriguez,* 411 U.S. 475, 491-92 & n. 10 (1973). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971).

To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in West Virginia may exhaust her available state court remedies in any of three ways: (1) by presenting cognizable federal constitutional claims in a direct appeal; (2) by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the Supreme Court of Appeals of West Virginia; or (3) by filing a petition for a writ of habeas corpus under the original jurisdiction of the Supreme Court of Appeals of West Virginia which is denied with prejudice. *Lester v. Ballard*, 2011 WL 183376, *6 (S.D.W.Va. 2011), citing *Moore v. Kirby,* 879 F.Supp. 592, 593 (S.D.W.Va. 1995); *McDaniel v. Holland,* 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986).

Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett,* 134

F.3d 615, 619 (4th Cir. 1998), *citing Matthews v. Evatt,* 105 F.3d 907, 910-11 (4th Cir. 1997). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004), *quoting Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000), *quoting Matthews,* 105 F.3d at 911. Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.*, *citing Duncan,* 513 U.S. at 366; *see Gray v. Netherland,* 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews,* 105 F.3d at 911, *citing Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir. 1994). Where a petitioner has failed to exhaust her state court remedies, the federal petition should be dismissed. *McDaniel v.*

-9-

*Holland,* 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986), citing *Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973).

## III.    Analysis

Petitioner concedes that she has not exhausted her state remedies. However, she moves the Court to either (1) find that her state remedies are "ineffective" and excuse her failure to exhaust or (2) hold her case in abeyance so that she will not be foreclosed from Federal review once she exhausts her State remedies. The undersigned addresses each issue below in turn.

### A.  Motion to Excuse Failure to Exhaust State Remedies

Petitioner argues at length that the state system has "dragged its feet" and allowed her claims to languish in the state courts such as to establish that her state remedies are "ineffective." (Docket Nos. 9-11). Petitioner's argument is premised on the principle that a Federal court may review unexhausted habeas corpus claims when "circumstances exist that render [the State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B). The Fourth Circuit has recognized that "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman,* 1995 WL 48002, *1 (4th Cir. 1995). However, "[d]elay only rises to the level of inordinate in extreme cases." *Singleton v. Wynder,* 485 F.Supp.2d 602, 605 (E.D.Pa. 2007). The inquiry is whether the given delay amounts to a violation of Petitioner's right to due process. *United States v. Brown,* 292 F. App'x. 250, 252 (4th Cir. 2008), citing *United States v. Johnson,* 732 F.2d 379, 381 (4th Cir. 1984) ("undue delay in processing an appeal may rise to the level of a due process violation"); *see also*

*Wright v. Deboo*, 2010 WL 4363394 (N.D.W.Va. 2010) (applying the due process analysis to 15-month delay in processing 28 U.S.C. § 2255 petition). To determine whether a given delay amounts to a due process violation, the Fourth Circuit has adopted the four-factor speedy trial analysis announced in *Barker v. Wingo*, 407 U.S. 514 (1972). *Johnson,* 732 F.2d at 382. These factors include (1) the length of delay, (2) the reason for the delay, (3) the petitioner's assertion of her rights, and (4) any prejudice to the petitioner from the delay. *Id.* at 381-82.

   The circumstances presented in Petitioner's case do not rise to the level of the delay in *Ward* and do not render Petitioner's state court remedies ineffective. First, little over 13 months have elapsed since Petitioner initiated her State habeas action. In general, a much more lengthy delay is required to excuse a petitioner from exhausting her state remedies. *See, e.g., Ward v. Freeman,* 1995 WL 48002 (4th Cir. 1995) (holding that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective); *Lee v. Stickman,* 357 F.3d 338 (3d Cir. 2004) (exhaustion excused as futile when post-conviction relief was pending in State court for eight years); *Mathis v. Hood,* 851 F.2d 612 (2d Cir. 1988) (six year delay in direct appeal excused exhaustion of state remedies); *Burkett v. Cunningham,* 826 F.2d 1208 (3d Cir. 1987) (five and one-half year delay violated speedy trial and due process guarantees).

   Further, Petitioner's case has consistently moved forward at a reasonable pace throughout the pendency of her action. In fact, it can hardly be claimed that Petitioner has suffered any delay at all, considering the fact that there has been no appreciable lapse in activity in her case. Petitioner filed her State habeas petition

-11-

in the Supreme Court of Appeals of West Virginia on April 6, 2010. *Parsons v. Nohe*, Civil Case No. 100433 (W.Va. 2010). The Supreme Court of Appeals of West Virginia ruled on her petition approximately four months later, on September 9, 2010, ordering the Fayette County Circuit Court to appoint counsel and hold an omnibus hearing. *Id*. Merely sixteen days later, on September 24, 2010, the Fayette County Circuit Court appointed counsel for Petitioner and six months and sixteen days following the appointment of counsel, the Court notified Petitioner that her omnibus hearing was scheduled to take place the following month. *Parsons v. Nohe*, Civil Case No. 10-C-253 (Cir. Ct. Fayette Co. 2010). The only periods which could conceivably be regarded as a delay were the four months that the Supreme Court of Appeals of West Virginia spent ruling on her habeas petition and the just over six months that it took the Fayette County Circuit Court to set her omnibus hearing date. However, not only do these periods of time fail to rise to the length or type of delay contemplated in *Ward*, but they are particularly reasonable in light of the complexity and volume of Petitioner's habeas petition. A significant period of consideration is required to evaluate a habeas petition asserting thirty six separate of grounds of error.

Finally, Petitioner has failed to establish that she has suffered any prejudice from the alleged delay in her State habeas action. As mentioned in section B *infra*, the one-year statute of limitation which applies to 28 U.S.C. § 2254 actions tolls during the pendency of a properly filed application for State post-conviction review. 28 U.S.C. § 2244(d)(2). Therefore, the length of time that the State courts spend considering her habeas application will not factor into the one-year statute

-12-

of limitation that governs her ability to file a habeas petition in this court.

For the foregoing reasons, the undersigned respectfully proposes that the presiding District Judge **FIND** that there has not been an "inordinate" or "inexcusable" delay in the processing of her State habeas petition and as such, her state remedies are not "ineffective" to protect her rights and she must exhaust her State remedies before availing herself of habeas relief in this Court.

### B. <u>Motion to Stay</u>

As an alternative to excusing her failure to exhaust, Petitioner requests that the Court stay all proceedings and hold her case in abeyance pending exhaustion of her State remedies. (Docket No. 10).  It is apparent that Petitioner believed at the time that she instituted this action that she had only five days remaining to timely file within the one year statute of limitation which applies to Federal habeas petitions. (Docket No. 10 at 2); (*see also* Docket No. 9 at 5). Therefore, Petitioner "protectively" filed her instant Federal petition to avoid being foreclosed from Federal review in the future. However, as discussed below, the undersigned finds that Petitioner fails to establish either cause or prejudice warranting a stay in her case.[7]

Title 28 U.S.C. § 2244(d)(1)(A) provides that a habeas petition filed pursuant to § 2254 must be filed within one year from "the date on which the

---

[7] Petitioner's reliance on *Rhines v. Weber,* 544 U.S. 269, 274-76 (2005) is misplaced. In *Rhines v. Weber,* the United States Supreme Court approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, which are petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 274-76 (2005). Petitioner has failed to exhaust her claims *in toto;* therefore, she does not present a "mixed" petition and the rule announced in *Rhines* does not directly apply. *See, e.g., Payne v. Johnson,* 2008 WL 3843447, *1 (E.D.Va. 2008), citing *Jackson v. Roe,* 425 F.3d 654, 659-661 (9th Cir. 2005) ("*Rhines* applies to stays of *mixed* petitions.").

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[8] 28 U.S.C. § 2244(d)(1)(A). However, 28 U.S.C. § 2244(d)(2) adds that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, Petitioner was convicted in the Circuit Court of Fayette County on July 17, 2007. Petitioner did not file a direct appeal in the Supreme Court of Appeals of West Virginia until more than one year after her time for filing a petition for appeal expired.[9] Therefore, by the undersigned's calculation, Petitioner's judgment became final on November 19, 2007 upon "the expiration of

---

[8] 28 U.S.C. § 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[9] In West Virginia, a defendant must file a petition for appeal within four months of the entry of the circuit court order. W.Va.R.Crim.P. 37(b)(3). Petitioner's judgment was entered on July 17, 2007; therefore, she was required to file her petition for appeal on or before November 19, 2007. W.Va.R.Crim.P. 45(a) provides, in relevant part, that in computing any period of time, the day of the event which triggers the time period is excluded and if the last day of the period is a Sunday, the period is extended to the following day with certain exceptions.

-14-

the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To hold otherwise, would be wholly inconsistent with the primary purpose of the AEDPA. *See Horn v. Ballard*, 2009 WL 915022, *10 (S.D.W.Va. 2009), citing *Reynolds v. United States*, 2007 WL 274804, *4 (W.D.N.C. 2007) ("if Courts were to reward petitioners for filing out-of-time appeals by allowing such untimely appeals to restart the one-year limitations clocks, cases where petitioners failed to timely note their appeals would remain unresolved, or otherwise subject to direct attack at the sole discretion of the petitioner."). Accordingly, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation provided in 28 U.S.C. § 2244(d)(1) began to run on November 20, 2007 and Petitioner had until November 20, 2008 to file a petition for habeas relief pursuant to 28 U.S.C. § 2254 in this Court.[10] Petitioner did not initiate her action until January 31, 2011. (Docket No. 1). Therefore, Petitioner's action is untimely and it would be futile for the Court to hold this action in abeyance.

Furthermore, assuming *arguendo* that Petitioner establishes that she is entitled to equitable tolling[11] such that her Federal habeas petition is considered timely filed, she will not be prejudiced from filing a new petition once she fully exhausts her State remedies because an action dismissed for failure to exhaust does not factor into the successive petition analysis under 28 U.S.C. § 2244(b).

---

[10] The tolling provision provided in 28 U.S.C. 2244(d)(2) does not apply because Petitioner's State habeas petition was filed after the expiration of her one-year period to file a petition for habeas relief pursuant to 28 U.S.C. §2254.

[11] Equitable tolling is appropriate where a petitioner shows that "(1) he has been diligently pursuing his rights and (2) some extraordinary condition external to his own conduct made timely filing impossible." *Ashcraft v. Ballard*, 2010 WL 4977908, *4 (N.D.W.Va. 2010).

*U.S. v. Gardner*, 132 Fed.Appx. 467, 468 (4th Cir. 2005) (§ 2255 action), citing *Slack v. McDaniel,* 529 U.S. 473, 478 (2000) (holding that when initial habeas petition is dismissed for failure to exhaust state remedies, and not based on adjudication of the merits, subsequent habeas petition is not successive). Moreover, the one-year statute of limitation which applies to 28 U.S.C. § 2254 actions tolls during the pendency of a properly filed application for State post-conviction review. 28 U.S.C. § 2244(d)(2). Therefore, the length of time that the State courts spend considering Petitioner's habeas application will not factor into the one-year statute of limitation period.

Therefore, the undersigned respectfully proposes that the presiding District Judge **FIND** that she cannot at this time demonstrate good cause for this Court to hold her case in abeyance pending exhaustion of her State remedies.

## IV.    <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Petitioner's Motions to excuse her failure to exhaust her State remedies (Docket Nos. 3 and 9) and Petitioner's Motions to stay all proceedings and hold in abeyance (Docket Nos. 4 and 10) be **DENIED**; and

2. Petitioner's Amended Petition for Writ of Habeas Corpus by a Person in State Custody (Docket No. 11) be **DISMISSED** without prejudice so that she may exhaust the State court remedies available to her.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules

of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondent, and any counsel of record.

**FILED:** May 11, 2011.

Cheryl A. Eifert
United States Magistrate Judge