IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEWELL PARSONS,

              Petitioner,

v.                                            CIVIL ACTION NO. 3:11-00071

LORI NOHE, Warden
Lakin Correctional Center,

              Respondent.

**MEMORANDUM OPINION AND ORDER**

Jewell Parsons ("Petitioner") filed an application for a writ of habeas corpus against Lori Nohe, the warden of the Lakin Correctional Center, on January 31, 2011, asking this Court to essentially excuse her failure to exhaust applicable state remedies available to challenge various alleged federal constitutional violations arising from her state conviction. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to United States Magistrate Judge Cheryl Eifert for submission to the Court of her Proposed Findings and Recommendations ("Proposed Findings"). Magistrate Judge Eifert submitted a report on May 11, 2011. Petitioner submitted objections to the Proposed Findings. This matter is now before the Court on review.

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a *de novo* review of any portion of the Magistrate Judge's report to which objection is timely made. As to those portions of the report to which no objection is made, the Magistrate Judge's report will be upheld unless it is "clearly erroneous" or "contrary to law." *See Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)). In accordance with the reasoning set forth below, the Court

**ADOPTS** and **INCORPORATES** the portions of the Magistrate Judge's Proposed Findings to which no objection is filed and **ADOPTS** and **INCORPORATES** the balance of the portions of the Proposed Findings to which Petitioner objects. Specifically, the Court **DENIES** Petitioner's motions to excuse her failure to exhaust her state court remedies **WITHOUT PREJUDICE** [Docs. 3 and 9]. The Court further **DENIES** as moot and **WITHOUT PREJUDICE** Petitioner's motions to stay all proceedings and hold her petition in abeyance [Docs. 4 and 10]. Finally, the Court **DISMISSES** the Amended Petition for Writ of Habeas Corpus by a Person in State Custody [No. 11] **WITHOUT PREJUDICE** so that Petitioner may exhaust the remedies available to her in state court.

## I. Background

The material facts in this matter need not be extensively recounted here inasmuch as the Magistrate Judge has provided a comprehensive review of them in her Proposed Findings. As material to Petitioner's objections, the Court notes that Petitioner was convicted on July 17, 2007 in the West Virginia Circuit Court for Fayette County for (1) intentional neglect of an elder person; (2) misappropriation or misuse of funds of an elder person by means of deception; and (3) embezzlement by misuse of a fiduciary relationship. *See* Proposed Findings 2, No. 12 (citing *State v. Parsons*, No. 07-F-32 (W. Va. Cir. Ct. July 17, 2007)). She was sentenced on the same date to a term of imprisonment of 7 to 25 years. *Id.*

Petitioner claims that she appealed her conviction and sentence to the Supreme Court of Appeals of West Virginia citing various grounds of error. That appeal, according to Petitioner, was denied on March 12, 2009, after pending for roughly two years.

After filing various unsuccessful motions for reconsideration of her appeal, Petitioner filed

an application for a writ of habeas corpus in the Supreme Court of Appeals pursuant to its original jurisdiction. Petitioner asserted 36 grounds of error in her petition. *See* Proposed Findings 3-4, No. 12 (detailing each ground of alleged error). Petitioner was appointed counsel for her habeas proceeding on September 24, 2010. According to Petitioner, her omnibus hearing, originally scheduled to take place on May 11, 2011, has been "adjourned for five months." *See* Pet'r's Objections 3, No. 13.

As a result of the foregoing events, Petitioner filed the instant petition on January 31, 2011, seeking to protect her right to obtain federal habeas relief in the event her state habeas petition is denied. She essentially seeks to ensure that her request for habeas relief will not be time-barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d). Concurrently, Petitioner has also filed a motion to excuse her failure to exhaust state court remedies, and a motion to stay all proceedings and hold her case in abeyance pending the resolution of her state habeas petition. Importantly, she does not state any specific substantive grounds for relief.

On May 11, 2011, the Magistrate Judge issued her Proposed Findings, recommending that the Court deny Petitioner's pending motions relating to a proposed stay of this matter, and dismiss her petition for a writ of habeas corpus without prejudice so that she may exhaust her state court remedies. Petitioner timely filed objections to the Proposed Findings on May 31, 2011.

**II.      Discussion**

Petitioner contends that the Magistrate Judge's Proposed Findings are erroneous for essentially two reasons: (1) there is a sufficient basis on which to find that the delays that have occurred in state court in processing her appeal and collateral attack have been "extraordinary" and have effectively amounted to a denial of her due process rights; and (2) the Proposed Findings fail

to take into account various timing issues that would eliminate her need to file her federal petition within the one-year time period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, *et seq*. The Court addresses each argument in turn.

### A. Exhaustion and Delay

Under AEDPA, a writ of habeas corpus cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, habeas petitioners must "fairly present" each of their federal claims to the appropriate state courts. *Id.* §§ 2254 (b), (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). It is the petitioner's burden to show that available state remedies have been exhausted. *See Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). "The exhaustion requirement is satisfied when the 'essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.'" *See Wilson v. Johnson*, No. 2:09-cv-177, 2010 U.S. Dist. LEXIS 6677, at *3-4 (E.D. Va. Jan. 4, 2010) (quoting *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991)). That is, a petitioner need not seek collateral review on the same issues already decided on direct review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). The exhaustion requirement, however, may be excused under circumstances where state remedies are "rendered ineffective by inordinate delay or inaction in state proceedings." *See Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995). Finally, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The Magistrate Judge recommends that the Court dismiss Petitioner's federal habeas request because she is currently litigating 36 post-conviction claims in a parallel state habeas proceeding.

However, Petitioner contends that, while she has failed to technically exhaust her claims in that proceeding, she ought to be excused from doing so due to the state's placement of "insurmountable procedural bars" in the way of her application.

The Court agrees with the Magistrate Judge's finding that Petitioner's circumstances clearly do not rise to the level of delay that would excuse her from the exhaustion requirement. As the Magistrate Judge found:

> Petitioner's case has consistently moved forward at a reasonable pace throughout the pendency of her action. . . . [There] has been no appreciable lapse in activity in her case. Petitioner filed her State habeas petition in the Supreme Court of Appeals of West Virginia on April 6, 2010. *Parsons v. Nohe*, Civil Case No. 100433 (W. Va. 2010). The Supreme Court of Appeals of West Virginia ruled on her petition approximately four months later, on September 9, 2010, ordering the Fayette County Circuit Court to appoint counsel and hold an omnibus hearing. *Id.* Merely sixteen days later, on September 24, 2010, the Fayette County Circuit Court appointed counsel for Petitioner and six months and sixteen days following the appointment of counsel, the Court notified Petitioner that her omnibus hearing was scheduled to take place the following month. *Parsons v. Nohe*, Civil Case No. 10-C-253 (Cir. Ct. Fayette Co. 2010).

Proposed Findings 12, No. 12. In general, Petitioner's case has moved forward at a pace that is simply not unreasonable under the circumstances. Her petition alleges 36 different grounds of error, and the state court must be given sufficient time to address each of these grounds. It is true that the May 11, 2011 hearing was continued generally due to an attorneys' family medical issue. *See Parsons v. Nohe*, No. 10-C-253-H (W. Va. Cir. Ct. May 11, 2011). However, the circuit court, in the same order continuing the hearing, directed that the matter be rescheduled. There is no indication on the record before the Court that it is "dragging its feet." Therefore, for substantially the reasons set forth in the Proposed Findings, the Court **DENIES** Petitioner's motions to excuse the failure to exhaust her state court remedies **WITHOUT PREJUDICE** [Docs. 3 and 9]. Petitioner

is hereby advised to continue to diligently pursue her pending state court habeas petition, and upon conclusion, immediately seek any appropriate federal relief.

**B.    Timing**

In the alternative, Petitioner asks this Court to stay the proceedings and hold her petition in abeyance pending exhaustion of her state court remedies. While the Magistrate Judge provided an extensive discussion of the pending motions relating to this request, the Court does not address Petitioner's other timing-related objections, and her request for equitable tolling of the 1-year limitations period provided by 28 U.S.C. § 2244(d)(1), because it has already decided that she must exhaust her state court remedies. The Court need not therefore engage in an inquiry as to whether the petition *would be* timely if it were properly exhausted. To the extent that Petitioner is concerned about losing her ability to file a subsequent petition, the Court points out—as did the Magistrate Judge—that she will not be prejudiced by returning to state court under 28 U.S.C. § 2244(b) because the Court has not adjudicated the merits of her petition. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (noting that a prior petition must have been adjudicated "on the merits" in order to qualify as a successive petition). Further, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2). Accordingly, the limitations period is currently tolled while the Fayette County habeas proceeding is pending.

For these reasons, the Court **DENIES** as moot and **WITHOUT PREJUDICE** Petitioner's motions to stay all proceedings and hold her petition in abeyance [Docs. 4 and 10].

### C. Certificate of Appealability

The Court additionally has considered whether to grant a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack*, 529 U.S. at 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, for the reasons already discussed, Petitioner has failed to exhaust her claims. The Court is persuaded that reasonable jurists would not debate this conclusion. Consequently, the Court will not issue a certificate of appealability.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** and **INCORPORATES** the portions of the Magistrate Judge's Proposed Findings to which no objection is filed and **ADOPTS** and **INCORPORATES** the balance of the portions of the Proposed Findings to which Petitioner objects. The Court specifically **DENIES** Petitioner's motions to excuse her failure to exhaust her state court remedies **WITHOUT PREJUDICE** [Docs. 3 and 9]. The Court further **DENIES** as moot and

**WITHOUT PREJUDICE** Petitioner's motions to stay all proceedings and hold her petition in abeyance [Docs. 4 and 10]. Finally, the Court **DISMISSES** the Amended Petition for Writ of Habeas Corpus by a Person in State Custody [No. 11] **WITHOUT PREJUDICE** so that Petitioner may exhaust the remedies available to her in state court. Finally, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 14, 2011

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE